*Harvey Thomas* v. *Alson D. McEwen et al.* M. Hoffman, for complainant; A. P. Man, for defendants. This was an appeal from a decision of the vice chancellor of the fourth circuit, overruling the demurrers of the defendants to the complainant's supplemental bill in this cause. The complainant filed his original bill in 1842, to obtain satisfaction of a judgment recovered by him against McEwen, one of the defendants in this suit, on which judgment an execution had been issued and returned unsatisfied. And the other defendants Harrison and Day, were made parties in such original suit to reach a contract for the purchase of land and other property of the judgment debtors, alledged to have been fraudulently transferred and held by them. After the filing of such original bill, an execution was issued upon another judgment recovered by the complainant in the name of another person, but for the benefit of the complainant as the assignee of the debt; which execution was subsequently returned unsatisfied. The complainant thereupon filed his supplemental bill, stating these facts reciting the substance of the original bill and also alleging that subsequent to the filing of the original bill the defendant McEwen, the judgment debtor, had acquired considerable property; but without stating whether it was of the value of $100 and upwards. The defendants put in their several demurrers to the supplemental bill; and

among other objections to the bill they insisted that the matters of the supplemental bill had no connection with the original suit, but that the bill was to obtain satisfaction of a distinct and independent debt, without containing the averments required by the 189th rule of the court; that it was multifarious ; and that it appeared from the bill that alias executions had been issued upon the judgments, but had not been returned.

<div style="margin-left:0"><em>Alias executions need not be returned to authorize filing of creditor's bill.</em></div>

The CHANCELLOR. The cases of Cuyler v. Moreland, (6 Paige's Rep. 273) and Storm v. Badger (8Idem. 130) dispose of the objection that the alias executions had not been returned at the time of filing this supplemental bill. The issuing of a second execution upon a judgment, after the first has been issued to the proper county and returned unsatisfied, does not render it necessary for the judgment creditor to wait until the return of such execution unsatisfied. But to prevent the right of the creditor to proceed in this court upon the return of the first execution merely, while the second is in the hands of the sheriff it must distinctly appear that the sheriff has levied, or at least that he can levy, upon sufficient property, on the execution in his hands, to satisfy the whole of the complainant's debt. And if that fact does not appear upon the face of the bill itself the defendant must bring it forward by plea or answer. The fact that an alias execution has been issued and is still in the hands of the sheriff forms no good objection therefore to this supplemental bill.

Nor is the objection of multifariousness sustainable. It is true the original bill states that McEwin had more property at the time of the filing of that bill than was sufficient to satisfy the amount due on that judgment. But it does not follow from that statement that there will be sufficient to pay the debt, together with the costs of the complainant upon the original bill. A part of the property acquired subsequently to the filing of that bill may therefore be necessary to pay the deficiency in the original suit. This forms such a connexion between the original and the supplemental suits as to render it proper for the complainant to file a supplemental bill, instead of a new original bill, to obtain satisfaction of

tne second judgment, as well as of the balance of the debt and costs in the first suit. On the other hand if the property in controversy in the first suit should be more than sufficient to satisfy the amount of the first judgment and the costs in the original suit, a part of such surplus may be required to pay the second judgment and the costs of the supplemental suit. The original and supplemental suits are therefore properly united, as to all the defendants, to save a double litigation between the complainant and those defendants in separate suits as to the property in controversy which is claimed to have belonged to the judgment debtor, or whether to his creditors as against the fraudulent assignees thereof, at the time when the original bill was filed.

The vice chancellor was also right in supposing that the 189th rule was not intended to apply to the case of a supplemental bill, like the present. The necessary averments, as required by that rule, having been inserted in the original bill is sufficient for all the purposes which led to the adoption of that rule. And, independent of that rule, if it does not appear upon the face of the bill itself that the amount of property in controversy does not exceed one hundred dollars, the defendant can neither demur nor move to dismiss the suit because the subject matter of the litigation is beneath the dignity of the court. The proper remedy in cases coming within the statute, (2 R. S. 173, § 37) and where the value of the matter in controversy does not appear upon the face of the bill is to raise the objection by plea or answer; or to insist upon it at the hearing if the fact appears either upon the pleadings or proofs that the matter in controversy does not exceed one hundred dollars.

*189th rule not applicable to supplemental bills.*

The order appealed from is not erroneous. It must therefore be affirmed with costs; and the proceedings are remitted to the vice chancellor.